**Ralph BAKER Plaintiff–Appellant,**

v.

**Raymond W. KELLY, in his official capacity as Commissioner of New York Police Department, Patricia Reed Scott, in her official capacity as Commissioner of the City of New York Mayor's Office of Film, Theatre and Broadcasting, and the City of New York, Defendants–Appellees.**

No. 03–9339–CV.

United States Court of Appeals, Second Circuit.

Jan. 31, 2006.

Ralph Baker, Brooklyn, NY, for Appellant, pro se.

Scott Schorr, Senior Counsel, Appeals Division (Michael A. Cardozo, Corporation Counsel, City of New York, Law Department, on the brief), Corporation Counsel's Office, City of New York, Law Department, New York, NY, for Appellees.

PRESENT: RALPH K. WINTER, JOSÉ A. CABRANES, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED.**

*Pro se* plaintiff-appellant Ralph Baker, who is a street photographer who takes and sells photographs of pedestrians on New York City streets, brought an action in the District Court alleging that the City violated his First and Fourteenth Amendment rights by regulating him under provisions of New York City's General Vendors Law ("GVL"), and specifically, by declining, through the Mayor's Office of Film, Theatre and Broadcasting, to issue him a "Permit for Still Photography" pursuant to New York City Charter, § 1301(1)(r) and New York City Administrative Code § 22–205.

In a September 24, 2003 Opinion and Order, the District Court denied plaintiff's motion for summary judgment and granted defendants' motion to dismiss his complaint as barred by *res judicata. See Baker v. City of New York*, 2003 WL 22190855 (S.D.N.Y. Sept.24, 2003). The District Court, in a separate order issued by Judge Naomi Reice Buchwald, denied plaintiff's Rule 59(e) motion seeking to alter or amend its prior judgment. We assume the

parties' familiarity with the facts and procedural background of this case.

On appeal, plaintiff asserts, in a brief consisting of single sentence, that the District Court "failed to consider the prior law suit memorandum order ... which states that it is unconstitutional, unlawful, and unenforceable to regulate Ralph Baker selling goods and services in a public place." Br. of Pl.-Appellant, at 1.

Upon our review of the District Court's opinion, we hold that it did not err in concluding that plaintiff's claim is barred by *res judicata.* In fact, every argument raised by plaintiff has been squarely addressed in prior litigation in the Southern District of New York. *See Baker v. City of New York*, 01 Civ. 4888(NRB), 2002 WL 31132880, 2002 U.S. Dist. LEXIS 18100, at *19 (S.D.N.Y. Sept. 26, 2002) (rejecting Baker's claim that his requests to engage in street photography should be regulated pursuant to the New York City Charter, rather than the GVL); *Baker v. The Peddlers Task Force, New York City Police Dep't*, 96 Civ. 9472(LMM), 1997 WL 756691, 1997 U.S. LEXIS 19438, at *5–*6 (S.D.N.Y. Dec. 5, 1997) (holding that Baker's activities were properly subject to the provisions of the New York City Administrative Code applicable to "First Amendment vendors" and that the Mayor's Office was not required to issue a still photography permit for the purpose Baker intended); *Baker v. The Peddlers Task Force, New York City Police Dep't*, 96 Civ. 9472(LMM), 1996 WL 741616, 1996 U.S. Dist. LEXIS 19140, at *4 (S.D.N.Y. Dec. 30, 1996) (holding that Baker, as a "First Amendment vendor" was nonetheless bound by the place restrictions applicable to persons holding non-food vendor's licenses, but enjoining the city from requiring Baker to obtain such a license).

Substantially for the reasons stated by the District Court, we hold that plaintiff's

claim was properly dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). We further affirm the District Court's denial of plaintiff's Rule 59(e) motion.

\*     \*     \*     \*     \*     \*

We have considered all of plaintiff's arguments and found each of them to be without merit. Accordingly, the judgment and post-judgment order of the District Court are **AFFIRMED.**